Superior Court, etc.
vs.
William V. Polleys, Jr., Receiver, et al. } No. 92080.

### February 15, 1934.

CAPOTOSTO, J. Demurrer to plaintiff's declaration in an action of debt on bond. The facts are fully set out in the declaration. The principal ground of demurrer is that the facts alleged do not constitute a breach of the conditions of the bond.

By a decree of the Superior Court entered April 7, 1931, the Receiver was "authorized" to secure Workmen's Compensation Insurance. Such insurance, which had been issued February 20, 1931, was continued in force by the Receiver for six months from its date of issue and then abandoned by him. The plaintiff's claim is for damages sustained after the insurance had lapsed.

The American Surety Company of New York disclaims liability on its bond, which is conditioned upon the Receiver complying "with the *orders*" of the Court. It maintains that to "authorize" a receiver to secure Workmen's Compensation Insurance is the grant of a discretionary power and not an order of the Court.

Should the words "that said Receiver be and hereby is authorized" etc., in the decree of April 7, 1931 be interpreted to read that he is thereby "ordered" to secure such insurance? The issue is not free from serious doubt. No authority directly in point has come to the attention of the Court either through counsel or personal investigation.

Every act which a receiver is authorized to do is not an order of the Court. A receiver has discretionary power in many instances. There are many things which a receiver need not carry out even after being authorized by the Court to do so. The authority in such cases merely protects the receiver in the doing of that for which he seeks the authority.

The decree of April 7, 1931, is silent both as to the amount of the insurance and the length of time that it shall continue in force. By its very silence, the receiver is left to his discretion at least as to both these items.

The word "authorized" is distinguishable from "required" or "directed" and is not on its face mandatory. Whether or not it is to be interpreted in a mandatory sense depends upon the circumstances and context in each individual case. The Court is unaware of any case where a surety was held liable on a bond using the peculiar wording of the bond in this case be

cause the receiver failed to do what the Court authorized him to do.

Attention is called to the fact that the bond in issue is conditioned upon the receiver complying with the "orders" of the Court, and not upon his "well" or "truly" or "faithfully" discharging his duties as receiver. The plaintiff argues that the bond in question "must be construed so as to bind the receiver to the faithful performance of his receivership duties," and that when so construed the declaration sets out sufficient "negligence" to have the question determined by a jury. Such an interpretation disregards the restricted wording of the bond and by implication enlarges the surety's obligation. While the Court feels that a receiver's bond should be conditioned upon the true or faithful performance of the receiver's duties, yet it cannot disregard the actual wording of the instrument. If such an interpretation is to be put on the bond in suit, it would come with better grace from final authority after minute investigation and study. This Court, with the limited time at its command and in the absence of any authority in point, does not feel justified in adopting a construction of the bond which may plunge the parties into vexatious and, in the end, useless litigation. It, therefore, holds that the authorization to the receiver to secure Workmen's Compensation Insurance was not an "order" of the court, and that as the bond was not conditioned upon the "true" or "faithful" performance of his duties by the receiver the negligence, if any, of the receiver in the exercise of a permissive or discretionary act, even though "authorized" by the Court, imposed no liability on the bond.

Demurrer sustained on all grounds.

For plaintiff: Francis I. McCanna.

For defendant: Comstock & Canning.